UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JULIO SANTOS PADILLA, ) | Civil Action No.: 4:14-cv-4045-RMG-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| LEROY MORGAN; KENNY ATKINSON, ) | |
| Warden, Former; and MRS LR THOMAS, ) | |
| Warden, Actual, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, was at all times relevant to the incidents set forth in his Complaint, housed at the Federal Correctional Institution located in Edgefield, South Carolina (FCI Edgefield). Plaintiff raises claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)[1], and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq. Presently before the Court is Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Document # 19). Because he is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the motion could result in the dismissal of his claims. Plaintiff timely filed a response (Document # 22). Because Defendants and Plaintiff have attached documents to their motion and response, respectively, the undersigned will review this motion under Fed.R.Civ.P. 56.

All pretrial proceedings in this case were referred to the undersigned pursuant to the

---

[1] A Bivens claim arises when a federal government official, acting under color of federal law, violates a individual's rights under the United States Constitution. Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The undersigned notes that case law involving § 1983 claims is applicable in Bivens actions and vice versa. Farmer v. Brennan, 511 U.S. 825 (1994).

provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because these motions are potentially dispositive of Plaintiff's claims, this report and recommendation is entered for review by the district judge.

## II.     FACTS AND FACTUAL ALLEGATIONS

Plaintiff alleges that Defendant Morgan violated his Eighth Amendment rights by committing the acts of "harassment, abuse of authority, discrimination, and the taking, and destruction of purchased and authorized property without any explanation." Complaint p. 1. Plaintiff further claims that Defendant Morgan acted with deliberate indifference to his Eighth Amendment rights due to an "outburst of language" that was outside of BOP policy. Complaint p. 2. Plaintiff also claims that Defendant Atkinson was "placed on notice a number of times of the abusive conduct of C/O Morgan by a number of complaints and greviances [sic] over many years. . ." and his "action in sustaining the complaints violated the Plaintiff rights under the Due Process Clause of the Fourteenth Amendment." Complaint pp. 3-4. Finally, Plaintiff asserts the torts of extreme abuse of power, and the taking and destruction of authorized property without a confiscation receipt. Complaint p. 1.

Plaintiff asserts that on October 1, 2013, Defendant Morgan went to his cell and asked his cellmate, Matthew Nelson, to identify his (the cellmate's) property. Plaintiff claims that Defendant Morgan then proceeded to smash, break, stomp, and throw away $457.75 of his personal property, including "$222.75 authorized items, $91.00 Nike Air Force shoes, $55.00 Digital Radio, $80.00 Ray Ban Sunglasses, and $9.00 Reading glasses." Complaint pp. 3-5.

Defendant Morgan asserts that on October 1, 2013, he performed a routine search of Plaintiff's cell. Morgan Aff. ¶ 5 (Ex. 5 to Def. Motion). Defendant Morgan conducted the search without either inmate being present. Id. During the search, Defendant Morgan discovered extra

laundry in the cell and two homemade radio case/pouches in Plaintiff's possession. Id.; Incident Report 2499091(Attachment A to Morgan Aff.). Both items were confiscated and Morgan wrote Plaintiff a confiscation form and incident report for a violation of Code 305, "Possession of Anything Not Authorized." Id. Morgan avers that he did not destroy any of Plaintiff's personal property and he does not know the condition of that property. Morgan Aff. ¶ 7.

### III. STANDARD OF REVIEW

A Fed.R.Civ.P. 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

Under Fed.R.Civ.P. 56, the moving party bears the burden of showing that summary

judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v.

Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**IV.     DISCUSSION**

    **A.     Bivens Claims**

The Prison Litigation Reform Act (PLRA) requires a prisoner to properly exhaust available administrative remedies prior to filing an action challenging his conditions of confinement. 42 U.S.C. § 1997e(a) (2006); Woodford v. Ngo, 548 U.S. 81, 84, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (requiring "proper" exhaustion of administrative remedies); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir.2008) (discussing "availability" of remedies). "[T]he PLRA's exhaustion requirement is mandatory," Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir.2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate must seek review of complaints relating to any aspect of his or her confinement. See 28 C.F.R. § 542.10; Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986). The plaintiff must begin the process of administratively exhausting his administrative remedies by filing a Form BP-8 (the informal resolution process). If the plaintiff is not satisfied with the informal resolution, he must file a formal grievance with the Warden of his prison (using a Form BP-9). See 28 C.F.R. § 542.13(b); Smith v. Gonzales, 2006 WL 1074138 (D.S.C. April 19, 2006). When the Warden has issued a determination on the plaintiff's formal grievance, only the first step of the formal administrative process will have been completed. If necessary, the plaintiff must appeal the Warden's determination to the Regional Director of the Federal Bureau of Prisons, and, if necessary, to the Office of General

Counsel. Id. (citing 28 C.F.R. § 542.15); see also Williams , 792 F.2d at 987.  Appeal to the General Counsel is the final level of agency review. 28 C.F.R. § 542.15(a).  An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. 28 C.F.R. § 542.17(a). The inmate will be provided with notice of any defect, whether the defect is correctable and how long he has to resubmit the submission. 28 C.F.R. § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. 28 C.F.R. § 542.17(c).

If during this process, the inmate does not receive a response from the Warden, Regional Director, or General Counsel within the allotted time frames including extensions, the inmate may consider such response or appeal as denied and appeal to the next level.  28 C.F.R. § 542.18.  The plaintiff "has no alternative but to comply" with these administrative procedures.  Williams, 792 F.2d at 987; see also 28 C.F.R. § 542.10– 542.16; Smith, 2006 WL 1074138 (D.S.C. April 19, 2006).

Plaintiff attached to his complaint several administrative grievances.  Plaintiff submitted an informal resolution form on October 3, 2013, claiming that Officer Morgan targeted him for extreme harassment and discrimination and abused his authority by confiscating and destroying Plaintiff's property without a confiscation receipt.  Informal Resolution Form (Ex. to Complaint).  The correctional counselor noted on October 16, 2013, that the counseling session with Plaintiff resulted in Plaintiff's request for a BP-9 form.  Id.

Plaintiff then submitted a Request for Administrative Remedy form, dated October 15, 2013, alleging that he was targeted for harassment by a staff member who stated he was on the "hit list." Request for Administrative Remedy Form (Ex. to Complaint).  Plaintiff also contended that Morgan told other inmates he would "tear his ass up."  Id. Plaintiff claimed that the staff member entered

his cell, "ransacked" and destroyed items of his property, including a pair of tennis shoes, sunglasses, radio, and other personal items. Id. He requested the warden look into the situation and his property be returned or replaced. Id. On October 31, 2013, Defendant Atkinson responded to Plaintiff's administrative remedy, indicating that his allegations were being reviewed for appropriate disposition in accordance with policy, however, Plaintiff would not receive any information regarding the disposition. Id. Atkinson informed Plaintiff that he could submit an appeal to the regional director's office within twenty days of the date of his response. Id.

Plaintiff appealed the warden's response to the regional office on or about November 6, 2013, claiming that Defendant Morgan destroyed his property, harassed, and discriminated against him. Regional Administrative Remedy Appeal form (Ex. to Complaint). Plaintiff's appeal was rejected by the regional office on November 25, 2013, noting that all pages of the BP-10 must be legible. Rejection Notice for Remedy (Attachment B to Meredith Aff. (Ex. A to Def. Motion)). The Region notified Plaintiff that he could re-submit his appeal in proper form within 10 days of the date of the issuance of this rejection notice. Id.

On December 12, 2013, Plaintiff filed another Regional Administrative Remedy form (BP-10) with the Regional Office addressing the same issues. Administrative Remedy Report (Attachment A to Meredith Aff.). On December 13, 2013, the Regional Office rejected this BP-10 noting that Plaintiff must "submit 1 BP-10 form with additional paperwork." Id. The Region notified Plaintiff that he could resubmit his appeal in proper form within 10 days of the date of the issuance of the rejection notice. Meredith Aff. ¶ 10.

Rather than resubmitting his BP-10 form, on January 1, 2014, Plaintiff filed a Central Office Administrative Remedy Appeal form (BP-11) with the BOP Central Office, claiming Defendant Morgan destroyed his property, harassed, and discriminated against him. Central Office

Administrative Remedy Appeal Form (Ex. to Complaint). On January 28, 2014, the Central Office rejected this appeal, noting that Plaintiff submitted his request or appeal to the wrong level or wrong office. Rejection Notice–Administrative Remedy (Attachment C to Meredith Aff.). The Central Office notified Plaintiff to follow the directions provided on the region's rejection notice. Id.

Plaintiff asserts that he did resubmit his BP-10 form after receiving the Regional Office's rejection on December 13, 2013. However, he has not attached a copy of any form submitted by him in December of 2013. In his response, he points to five certified mail receipts as proof that he resubmitted the BP-10 a second time. However, the dates on these receipts are illegible and, nevertheless, fail to indicate that a BP-10 form was resubmitted. Plaintiff also argues that after he resubmitted the BP-10 form following the December 13, 2013, rejection letter, he waited the requisite thirty days for a response to that appeal, and when he failed to receive one, he submitted at BP-11 form to the next appeal level. However, the BP-11 form Plaintiff attached to his Complaint is dated January 1, 2014. Thus, he could not have waited thirty days for a response.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford, 548 U.S. at 90. "[A] prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are." Moore, 517 F.3d at 725 (citing Woodford, 548 U.S. at 95). In this case, plaintiff did not comply with the BOP's procedural rules which require an inmate to resubmit a rejected grievance, and has not shown that he was prevented from doing so. See Hoffenberg v. Provost, 154 Fed.Appx. 307, 311 (3rd Cir. 2005) (holding prisoner failed to exhaust administrative remedies with the BOP when he failed to resubmit incorrectly completed forms even though he was given directions on how to file the forms correctly and an opportunity to refile). Accordingly, summary judgment on

Plaintiff's Bivens claims is appropriate.[2]

Even if Plaintiff had exhausted his administrative remedies, the allegations raised by Plaintiff fail to rise to the level of constitutional violations. Plaintiff alleges that Defendant Morgan violated his Eighth Amendment rights by harassment, abuse of authority, discrimination, an outburst of language against him and destruction of property. The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996). To establish a violation of the Eighth Amendment, an inmate "must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993). Only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation. Id.

Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, and medical care...." Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, the Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); see also Shakka v. Smith, 71 F.3d 162, 166 (4th Cir.1995) (internal citation omitted) ("[T]he ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity. Accordingly, only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim."). Plaintiff fails to

---

[2]In addition to failing to properly exhaust his administrative remedies with respect to the constitutional violations alleged against Defendant Morgan, it is undisputed that Plaintiff never pursued his administrative remedies regarding his claim that Defendant Atkinson violated his due process rights by failing to address his complaints about Morgan. Furthermore, Plaintiff makes no specific allegations against Defendant Thomas.

show that he suffered an extreme deprivation of a basic human need when Defendant Morgan threatened to "tear his ass up," ransacked his cell, or destroyed his property. Thus, his Eighth Amendment claim fails.

Plaintiff also alleges that Defendant Atkinson violated his due process rights by failing to address his complaints about Morgan. Under Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), minimal due process is required when an action might result in a prisoner's loss of a constitutionally protected liberty interest. However, inmates do not have a protected liberty interest in participating in administrative grievance proceedings. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]here is no constitutional right to participate in grievance proceedings."); see also Cyrus v. U.S. Marshals of Columbia, No. 8:05-1384-HFF-BHH, 2007 WL 601610, at *5 (D.S.C. Feb.21, 2007) ("Even if the prison provides for a grievance procedure, as the BOP does, violations of those procedures do not amount to a civil rights cause of action."). Further, Defendant Atkinson did respond to Plaintiff's grievance about Defendant Morgan at the institutional level by indicating that Plaintiff's allegations of staff misconduct would be reviewed for further disposition. Request for Administrative Remedy Form (Ex. to Complaint). The fact that Plaintiff did not agree with Defendant Atkinson's response does not give rise to a constitutional violation. Therefore, Plaintiff's due process claim fails as well.

### B.     FTCA Claims

Plaintiff also asserts a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et. seq. He alleges "the torts of extreme abuse of power [and] the taking and the destruction of authorized properties without confiscation receipt." Compl. p. 1.

The FTCA provides for a limited waiver of the Government's sovereign immunity from suit

by allowing a plaintiff to recover damages in a civil action caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Personal capacity suits against employees are not cognizable under the FTCA. 28 U.S.C. § 2679(b)(1). The United States is the only proper defendant under the FTCA. 28 U.S.C. § 1346(b)(1). Plaintiff has not named the United States as a defendant in this action, but Defendants assert that the United States should be added as a defendant for this cause of action.

However, § 2680 excepts from the FTCA's waiver of sovereign immunity certain categories of claims. Relevant here is subsection (c) of § 2680, which provides that the waiver of immunity in § 1346(b) "shall not apply to . . . "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ." 28 U.S.C. § 2680(c). In Ali v. Federal Bureau of Prisons, 552 U.S. 214, 228, 128 S.Ct. 831, 841, 169 L.Ed.2d 680 (2008), the United States Supreme Court held that "[s]ection 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers." This exception to the waiver of sovereign immunity applies to FTCA claims involving the detention or mishandling or personal property by prison officials. See id. (finding exception to waiver of sovereign immunity pursuant to § 2680(c) for claim alleging a BOP official lost an inmate's property); Perkins v. Deboo, No. 1:08-cv-225, 2009 WL 1650443, *2 (N.D.W.Va. June 11, 2009)(plaintiff's FTCA claim seeking reimbursement for loss of personal property dismissed based upon § 2680(c)); Mathis v. U.S., No. 8:05-3000-MBS, 2008 WL 2922798, *3 (D.S.C. July 24,

2008) (plaintiff's FTCA claim that prison officials were negligent in transferring his personal property was dismissed based upon § 2680(c)); Wadley v. Warden, No. 7:08-cv-362, 2008 WL 2455445, *2 (W.D.Va. June 16, 2008)(FTCA claim that prison officials were negligent in seizing and destroying his tennis shoes was dismissed based upon § 2680(c)); Gasho v. U.S., 39 F.3d 1420, 1433-34 (9th Cir. 1994) (holding that the exception to the waiver of immunity provided in § 2680(c) is applicable to alleged intentional detention or mishandling of property). Accordingly, Plaintiff's claim for "the taking and the destruction of authorized properties without confiscation receipt," falls within the exceptions to the waiver of sovereign immunity provided by the FTCA. Without a waiver of sovereign immunity, a federal court lacks subject matter jurisdiction over the federal government. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Therefore, dismissal is appropriate as to Plaintiff's claim under the FTCA regarding the destruction and/or confiscation of his property.

Plaintiff also alleges the tort of "extreme abuse of power." The FTCA does not create a new cause of action. Medina v. United States, 259 F.3d 220, 223 (4th Cir.2001). Rather, as stated above, it simply allows "the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." 28 U.S.C. § 1346(b)(1). Thus, the substantive law of each state establishes the cause of action. Kerns v. United States, 585 F.3d 187, 194 (4th Cir. 2009); Unus v. Kane, 565 F.3d 103, 117 (4th Cir. 2009). Plaintiff has not presented, nor has the court found, any South Carolina cases recognizing a cause of action for abuse of power or extreme abuse of power.[3]

---

[3]To the extent a liberal construction of the complaint, see Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), could indicate an attempt to assert a claim for outrage under South Carolina law (which it does not), the claim fails. See Ford v. Hutson, 276 S.C. 157, 276 S.E.2d 776 (1981) (holding that conduct of the defendant must be extreme and outrageous and must be regarded as atrocious and utterly intolerable and the plaintiff must suffer emotional

It is not entirely clear on which facts Plaintiff relies in asserting a claim under the FTCA for extreme abuse of power. Even assuming all facts to be true, that is, that Morgan yelled at him, spoke poorly about him, ransacked his cell, and took or destroyed his property, and that Atkinson knew of these actions and failed to do anything about them, these facts fail to plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). As such, dismissal is appropriate on this claim as well.[4]

**V.    CONCLUSION**

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss or in the Alternative, for Summary Judgment (Document # 19) be granted and this case dismissed in its entirety.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 24, 2015
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

distress such that no reasonable man could be expected to endure it); Hansson v. Scalise Builders of S.C., 374 S.C. 352, 650 S.E.2d 68 (2007) (noting the "widespread reluctance of courts to permit the tort of outrage to become a panacea for wounded feelings rather than reprehensible conduct").

[4] As noted in footnote 2, Plaintiff makes no specific allegations against Defendant Thomas.