# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julio Santos Padilla, ) | |
| ) | No. 4:14-cv-04045-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Leroy Morgan; Kenny Atkinson, *Former* ) | |
| *Warden*; Mrs. L R Thomas, *Actual Warden,* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge, (Dkt. No. 26), recommending that the Court grant Defendants' motion to dismiss or, in the alternative, motion for summary judgment, (Dkt. No. 19). Plaintiff has not filed any objections to the R & R. For the reasons stated below, the Court ADOPTS the R & R, and GRANTS Defendants' motion.

## I. Background

Plaintiff alleges that Defendant Morgan violated his Eighth Amendment rights by ransacking his cell, destroying certain personal property and exhibiting an "outburst of language" during a routine search of Plaintiff's cell. He alleges that Defendant Atkinson knew of these actions and failed to do anything about them. Plaintiff makes no specific allegations against Defendant Thomas. (*See* Dkt. Nos. 1, 1-1).

Plaintiff submitted an informal resolution form on October 3, 2015, and then a formal grievance with Warden Atkinson on October 16, 2013. (Dkt. No. 1-2). Defendant Atkinson replied on October 31, 2015, stating that Plaintiff's allegations was being reviewed for "appropriate disposition in accordance with policy; however, you will not be provided

information regarding the disposition." (Dkt. No. 1-2 at 3). Plaintiff's first appeal to the regional office was rejected as illegible and the second was rejected for being in an improper form. (Dkt. No. 19-2). The regional office notified Plaintiff that he could resubmit his appeal within 10 days. Rather than resubmitting the appeal to the regional office, he filed the next level of appeal with the BOP Central Office. (*Id.*). The Central Office rejected the appeal as being filed with the wrong office. (*Id.*). No further appeals were filed. (*Id.*).

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made.

Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## II. Discussion

### A. *Bivens* Claim again Defendant Morgan

The Court agrees with the Magistrate Judge that by failing to re-file the appeal to the

regional office, Plaintiff failed to exhaust his administrative remedies as to his *Bivens* claim against Defendant Morgan. The Court also agrees that even if Plaintiff did exhaust his administrative remedies, the factual allegations do not rise to an Eighth Amendment claim.

To prevail on an Eighth Amendment Claim, a prisoner must prove (1) that "the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)" and (2) that "the prison official acted with a sufficiently culpable state of mind (subjective component)." *E.g., Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). With regard to a conditions of confinement claim, an inmate must "prove extreme deprivations of basic human needs or serious or significant pain or injury." *Smith v. Ozmint*, 578 F.3d 246, 255 (4th Cir. 2009) (quotations omitted); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society . . . only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."). "[V]erbal harassment" and "destruction of property" do not meet this standard. *Nigro v. Wilson*, 122 F.3d 1073 (9th Cir. 1997).

Therefore, the Court grants Defendants' motion for summary judgment as to Plaintiff's *Bivens* claim against Defendant Morgan

### B. Defendant Atkinson

Plaintiff alleges that Defendant Atkinson violated his constitutional rights by failing to address his complaints about Defendant Morgan. The Court agrees with the Magistrate Judge that Plaintiff never filed an administrative grievance about Defendant Atkinson and, thus, has failed to exhaust his administrative remedies. The Court also agrees that Plaintiff has failed to

state a claim. There is no constitutional right to a grievance proceeding, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), and Defendant Atkinson did respond to Plaintiff's grievance. Therefore, summary judgment is granted as to Plaintiff's claims against Defendant Atkinson.

## C. Defendant Thomas

Plaintiffs simply make no factual allegations whatsoever against Defendant Thomas. Therefore, summary judgment is granted as to the claims against him.

## D. FTCA Claim

The FTCA waives sovereign immunity and allows suits for money damages for "injury or loss of property." 28 U.S.C. § 2675. However, the FTCA does not apply to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by an officer of customs or excise or any other law enforcement officer . . ." 28 U.S.C. § 2680(c). This exclusion applies to all law enforcement officers, including BOP officers. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008). It extends to any claim "arising out of" a detention of property, including "a claim resulting from negligent handling or storage of detained property." *Kosak v. United States*, 465 U.S. 848, 854 (1984). "[E]ven intentional torts committed by law enforcement officers are exempt from FTCA suits when such torts were committed during circumstances that would warrant a detention-of-goods exception." *Davila v. United States*, 713 F.3d 248, 256 (5th Cir. 2013). Thus, if a BOP employee's actions are "related to [his] duties in inspecting and inventorying prisoner property," there is no waiver of sovereign immunity even if the employee's possession of the property is "tortious" and "wrongful." *Krug v. United States*, 442 F. App'x 950, 951 (5th Cir. 2011) (citing *Chapa v. U.S. Dep't of Justice*, 339 F.3d 388, 391 (5th Cir.2003)).

Here, the alleged intentional destruction of property occurred during a routine search of Plaintiff's cell. (Dkt. No. 19-5 at 2). Certain property was confiscated as against prison policy, and Plaintiff was provided with a confiscation form. (*Id.*). Thus, the alleged tort occurred during an inspection of Plaintiff's property and Plaintiff's property was "detained" within the meaning of Section 2680(c).[1]

Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 26) as an order of this Court. Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 19) is **GRANTED**, and this action is **DISMISSED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

October 13, 2015
Charleston, South Carolina

---

[1] The Court notes that BOP inmates have an administrative remedy for lost property. *See Ali*, 552 U.S. at 228 n.7.

-5-